UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | NO. 14-30018-TSH |
| SHERAD THERRIEN | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (Docket No. 70)

March 5, 2015

HILLMAN, D.J.

Defendant Sherad Therrien ("Therrien") has been charged with five counts of distribution of cocaine or cocaine base, and one count of felon-in-possession of a firearm. The charges arise out of sales that Therrien allegedly made to a cooperating witness between September 2013 and March 2014. Therrien has filed a motion to dismiss the indictment "based upon egregious government conduct," and requests an evidentiary hearing on the motion. (Docket No. 70). For the following reasons, the motion is ***denied***.

### Background

Therrien's motion is based on allegations regarding his relationship with Officer Jessica Athas ("Athas") of the Hampden County Sheriff's Department. Therrien asserts that he met Athas while previously incarcerated at the Hampden County House of Corrections. Athas worked at the facility and was in charge of gang classifications of inmates. Therrien developed a friendship with Athas during his incarceration and upon his release she gave him her phone number. They remained in touch, and according to Therrien, they developed a flirtatious and

1

sexual relationship. Therrien further alleges that, "in concert with the intimacy of the relationship," Athas began to pressure Defendant to sell drugs and a gun to a cooperating witness, telling him that it would advance her career with the DEA. Therrien asserts that because of Athas' use of her "feminine wiles," he was induced to engage in a crime he was not predisposed to commit.

Therrien argues that these actions constitute outrageous government misconduct warranting dismissal of the indictment. He asserts two grounds for dismissal: (1) Athas' use of flirtation and sex to induce the target of a drug investigation to sell drugs; and (2) the government's failure to disclose the nature of the relationship between Athas and Therrien.

## **Analysis**

Therrien's allegations, even if true, do not rise to the level of egregiousness the law requires for dismissal of an indictment.[1] "In rare and extreme circumstances, a federal court has the authority to dismiss criminal charges as a sanction for government misconduct." *United States v. Guzman*, 282 F.3d 56, 59 (1st Cir. 2002). This power must only be used "when the government's misconduct is so appalling and egregious as to violate due process by 'shocking the . . . universal sense of justice.'" *United States v. Luisi*, 482 F.3d 43, 59 (1st Cir. 2007) (quoting *United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637 (1973)). Although theoretically viable, the doctrine has never been successfully invoked by a criminal defendant in the First Circuit. *Id.* One potential application of the doctrine operates "as a kind of supplement to the entrapment defense" in cases where the government becomes "so overinvolved in a felonious venture that [it] can fairly [be] said to have created the crime or to have coerced the defendant's participation in it." *United States v. Santana*, 6 F.3d 1, 5 (1st Cir. 1993). "While

---

[1] For purposes of this motion to dismiss the Court assumes, without finding, that Therrien's allegations are true. Because I find that the conduct as alleged does not raise a fact issue material to the outrageous misconduct analysis, I deny the motion without holding an evidentiary hearing.

entrapment presents an issue of fact, outrageous misconduct based on government inducement presents a defense at law appropriately decided on a motion to dismiss." *United States v. George*, 839 F. Supp. 2d 430, 438-39 (D. Mass. 2012).

Therrien first argues that the government engaged in outrageous misconduct because Athas used sex and "feminine wiles" to induce him to sell drugs. In *United States v. Simpson*, the Ninth Circuit upheld a government agent's use of sex with the target of a drug investigation on facts similar to those alleged by Therrien. 813 F.2d 1462 (9th Cir. 1987). In *Simpson*, the FBI had employed Helen Miller, a female informant who had an ongoing sexual relationship with the target of the investigation, Darrel Simpson. *Id.* at 1464. Miller introduced Simpson to "friends" interested in buying heroin. *Id.* The "friends" were undercover FBI agents. *Id.* Simpson sold the drugs to the undercover agents and was indicted on various drug charges. *Id.* In finding that this practice was not so shocking as to violate due process, the Ninth Circuit observed that "the deceptive creation and/or exploitation of an intimate relationship does not exceed the boundary of permissible law enforcement tactics." *Id.* at 1466. The court was not persuaded by the fact that the government had used sex—as opposed to some less physical means—to create the deceptive emotional relationship, because there is "no principled way to identify a fixed point along the continuum from casual physical contact to intense physical bonding beyond which the relationship becomes shocking." *Id*. (internal quotations omitted). I see no reason to depart from this rationale in the present case.[2]

Therrien also asserts that it was outrageous misconduct for the government to withhold the nature of the relationship between Athas and Therrien. Therrien characterizes this conduct as a violation of the government's disclosure obligations under *Brady v. Maryland*, and claims that

---

[2] Although the First Circuit has not yet considered the government misconduct doctrine in the context of sexual inducement, it has cited *Simpson* with approval for the proposition that the doctrine is only available in the most egregious circumstances. *See United States v. Rivera-Garcia*, 527 F. App'x. 11, 15 (1st Cir. 2013).

3

it is therefore outrageous. This argument fails for two reasons. First, the government's failure to disclose the nature of the Athas-Therrien relationship does not violate the government's disclosure duties. To constitute a *Brady* violation, the material evidence at issue "must have been either willfully or inadvertently suppressed by the government." *United States v. Alverio-Melendez*, 640 F.3d 412, 424 (1st Cir. 2011). It is well-established that "[i]n general, 'evidence is not suppressed if the defendant either knew, or should have known of the essential facts permitting him to take advantage of any exculpatory evidence.'" *Ellsworth v. Warden*, 333 F.3d 1, 6 (1st Cir. 2003) (quoting *United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823 (1983)). Therrien, of course, had actual knowledge of the nature of his relationship with Athas. Because he knew of the essential facts permitting him to take advantage of the exculpatory information, there is no suppressed evidence regarding the relationship that the government was obligated to disclose.

Second, even if the government did fail in its disclosure obligations, Therrien cites no authority for the proposition that a *Brady* violation meets the outrageous government misconduct standard. As described above, the doctrine is reserved for only the most appalling and egregious acts, and it has never been successfully invoked in the First Circuit. It is doubtful that a *Brady* violation, without more, would meet the required threshold. *See, e.g.*, *United States v. Urciuoli*, 470 F. Supp. 2d 109, 113-114 (D. R.I. 2007) (denying motion to dismiss and observing that, although a prosecutor's failure to comply with *Brady* is a very serious matter, "dismissal of an indictment is an extreme measure that is warranted only in those very rare cases where a defendant has suffered substantial prejudice that cannot be cured in any other way . . . or where the government has engaged in outrageous misconduct").

## **Conclusion**

For the reasons set forth above, the Defendant's motion to dismiss is ***denied*** without prejudice.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**
